**S. AMANDA MARSHALL, OSB #953473**
United States Attorney
District of Oregon
**CLAIRE M. FAY**
Assistant United States Attorney
1000 SW Third, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Claire.Fay@usdoj.gov
Attorneys for the United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 11-CR-00113-MO |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ALEXANDRIA AUSTIN**, | |
| Defendant. | **Sentencing Date**: January 11, 2012, at 11:30 a.m. |

The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Claire M. Fay, Assistant United States Attorney, respectfully submits this memorandum for defendant's sentencing, which is currently set for Wednesday, January 11, 2012, at 11:30 a.m.

### I. PRESENTENCE REPORT

The Presentence Report accurately sets forth the offense conduct in the case (PSR ¶¶ 9-20), and correctly summarizes the plea agreement between the parties (PSR ¶¶ 2-7). The government agrees with the PSR Offense Level computation that the base offense level is 6, and that a 4-level addition for loss applies, resulting in an adjusted Offense Level of 10 (PSR ¶¶ 24-

29). A 2-level reduction for acceptance of responsibility pursuant to advisory Guideline § 3E1.1 results in a Total Offense Level of 8 (PSR ¶¶ 30-31). The government agrees with the PSR conclusion that defendant is in a Criminal History Category of I, resulting in a sentencing range of 0-6 months (PSR ¶¶ 32-34, 66; PSR Sentencing Summary; PSR Sentencing Recommendation). The U.S. Probation Office is recommending a sentence of 5 years probation, and payment of restitution in the amount of $24,200. The U.S. Probation Office is also recommending that as a condition of probation, the Court impose a requirement that defendant reside in and participate in the program of a residential entry center for a period of 90 days. There is a mandatory $10.00 fee assessment as the result of defendant's guilty plea.

## II. GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that defendant be sentenced to 5 years probation, payment of restitution in the amount of $24,200, and payment of a $10.00 fee assessment. When defendant, an employee of U.S. Bank, was confronted by bank investigators about the some suspicious transactions, she initially feigned ignorance, then admitted she had taken funds from the bank and lied about doing so. Defendant was surprised that the loss to the bank was so high. She apologized to the bank, was willing to accept the consequences of her actions, and indicated that she would pay back every dime of the money she stole. Defendant stated that she took the money to pay five or six loans she had taken from payday loan establishments. Most of the funds from these loans went to pay rent. She used additional stolen funds to pay other bills and to meet daily expenses. Defendant was five months pregnant at the time of the thefts. Defendant also admitted to the FBI that she had stolen the money, and was using it for living expenses for

herself.  Defendant Austin expressed remorse for her actions, and again indicated a willingness to repay the stolen money.

Defendant currently lives with her boyfriend in a positive relationship, and has two children.  While on pretrial release, defendant has had some difficulty complying with the condition that she not use drugs.  She had tested positive for marijuana at least twice, and has had an un-excused absence from group treatment at LifeWorks NW.  On December 9, 2011, defendant was found in violation of her release conditions, but continued on release.

### III.  CONCLUSION

The government will abide by the plea agreement and recommend a sentence of 5 years probation, payment of restitution in the amount of $24,200, and payment of a $10.00 fee assessment.  We believe this recommendation is fair, appropriate, and fully supported by the factors listed in 18 U.S.C. § 3553(a).  The government leaves to the Court's discretion whether to impose as a special condition of probation, a 90-day stay in a residential reentry center.

DATED this 4th day of January, 2012.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney


*/s/ Claire M. Fay*
CLAIRE M. FAY
Assistant United States Attorney